[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case comes to this court on a modification of an order of reciprocal discipline. Based on the record before this court, there is no question that the Respondent was afforded a hearing in the United States Bankruptcy Court for the District of Connecticut on January 28, 1997 to present his defense to the Chapter 7 Trustee's Motion for Disgorgement of Fees and Other Payments. The Respondent was represented by counsel at the hearing. As a result of the hearing, the Bankruptcy Court ordered the Respondent to pay approximately $128,000.00. Clearly, the Respondent's claims of mitigating factors did not persuade the court that the entire sum was not due. The court entered an order on March 6, 1997 ordering the Respondent to make restitution. This restitution has not been made. The record reflects that the Respondent mishandled approximately $128,000.00. Thereafter, the United States Attorney's Office claimed the Respondent did knowingly, willfully and intentionally disobey the order by failing to satisfy or attempt to satisfy the sum due. The application led to a June 9, 1997 suspension order by the Bankruptcy Court.
Clearly, the Bankruptcy Court felt that the mishandling by the Respondent of approximately $128,000.00 was very serious. Accordingly, the court accepted an agreement that called for reinstatement proceedings.
This court ordered reciprocal discipline. This court allowed an application for reinstatement on 12/23/97 if the Bankruptcy Court had not reinstated him. On the present record, this court believes that in such a reciprocal discipline case, full faith and credit to the facts and the weight of the offense results in this court giving substantial deference to the primary jurisdiction doing the sanctioning. CT Page 3826
This court, therefore, maintains the reciprocal discipline suspension until further order of this court, or until the United States Bankruptcy Court for the District of Connecticut reinstates the Respondent.
KARAZIN, J.